IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHRISTOPHER CROOM,

    **Plaintiff,**

vs.                                                             Case No. 17–cv–612–DRH

**UNKNOWN PARTY**

    **Defendant.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Plaintiff Christopher Croom brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 that allegedly occurred in Menard Correctional Center. Plaintiff seeks declarative relief and monetary damages. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

    (a) **Screening**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
    (b) **Grounds for Dismissal**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
        (1) is frivolous, malicious, or fails to state a claim
    on which relief may be granted; or
        (2) seeks monetary relief from a defendant who is
    immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an

objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

After Plaintiff filed this case, the Court determined that Plaintiff had attempted to proceed on unrelated claims in the same lawsuit. (Doc. 4). The Court dismissed some defendants and severed some claims into separate lawsuits. (Doc. 4). Plaintiff has now filed a motion for reconsideration, which the Court will take up with this review because it addresses the propriety of dismissing those defendants. (Doc. 5). Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action will be dismissed without prejudice with leave to file an amended complaint. The Court also **DENIES** Plaintiff's motion for reconsideration. (Doc. 5).

## The Complaint

As pertinent to this claim, Plaintiff alleges that he was sent to segregation at Menard Correctional Center on February 13, 2017. (Doc. 1, p. 8). Plaintiff's cell was filthy and his mattress was urine-stained, but Plaintiff only received "some

2

type of watered-down liquid" once a week to clean it. *Id.* Plaintiff received the same amount cleaning supplies in segregation as he did in general population. *Id.* Plaintiff was also deprived of personal hygiene items, like toothpaste, a toothbrush, soap, deodorant, and a change of clothes for 10 days, until he received his personal property. *Id.* Plaintiff asked a C/O for hygiene products, but the C/O responded "ask your homeboys" and "don't come to seg." *Id.* Plaintiff was not permitted to shower for 18 days. *Id.*

Plaintiff was assigned to a two-man cell with 36 square feet of space. *Id.* There is no room to exercise in those cells. *Id.*

## Discussion

The order dividing Plaintiff's claims into separate cases designated 1 claim for this case:

> **Count 1 –** Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment was violated when he was confined to a 36 square foot cell, on a filthy pee-soaked mattress and deprived of cleaning supplies, hygiene products, and an opportunity to shower for 18 days;

Plaintiff's Complaint does not mention, describe, or otherwise identify any defendants in connection with the conditions of confinement claim in Count 1. (Doc. 1, p. 8). Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2). Where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be

said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).

Normally, that would be the end of the analysis and the Court would dismiss Count 1 with leave to amend for failure to associate specific defendants with specific allegations. However, Plaintiff has filed a motion for reconsideration. (Doc. 5). That motion addresses the Court's prior dismissal of Jacqueline Lashbrook, the Warden of Menard and John Doe (Segregation Major), and argues that they were properly named as defendants. (Doc. 5).

Specifically, Plaintiff argues that Lashbrook is a proper defendant because she has a policy of housing inmates in 36 sq. foot cells and because she "negligently manag[es] her subordinates." (Doc. 5, pp. 2-3). Likewise, the motion alleges that John Doe negligently managed his subordinates. (Doc. 5, p. 3). The motion further alleges that both defendants have made rounds in segregation, received complaints about segregation, and have observed the conditions with their own eyes. *Id.* Plaintiff further states that it would be a "headache" to add every officer that he complained to when there is a chain of command and he can just name the ranking officials responsible for managing the subordinates. *Id.*

Plaintiff's motion to reconsider repeatedly states that Lashbrook and Doe are supervisors. But there is no supervisory liability, also called respondeat superior, in a § 1983 action; thus to be held individually liable, a defendant must

be "'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). See also *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981). Plaintiff's position that Lashbrook and Doe are properly named due to their supervisory role is therefore unavailing.

The motion to reconsider does however hit on 2 positions that may be valid grounds for liability, if Plaintiff files an amended complaint raising them. Plaintiff alleges that Lashbrook and Doe were aware of the conditions through observation and complaints. If Plaintiff alleges plausible facts that show he personally complained about the conditions he experienced to Lashbrook and/or Doe and they subsequently refused to take any action, that may establish the necessary personal involvement to state a claim. Conclusory allegations that Doe and Lashbrook heard complaints from inmates generally will not suffice; Plaintiff must allege that they had knowledge of the conditions he endured. Plaintiff should note that complaining to subordinates does not establish the personal involvement of the supervisors without more.[1]

---

[1] Plaintiff also may wish to consider whether he has claims against anyone lower in the chain of command, like the C/O who allegedly told him to ask his friends for hygiene supplies or avoid coming to segregation.

Secondly, Plaintiff also states in his motion to reconsider that Lashbrook had a policy of keeping inmates in cells that were unconstitutionally small. A policy or custom may be the basis of liability pursuant to *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). If Plaintiff can allege facts tending to show that he was harmed by an unconstitutional policy, that claim would survive threshold review.

However, the fact that Plaintiff presented these theories for the first time in a motion to reconsider is problematic. Plaintiff's Complaint does not allege that Lashbrook and/or Doe were made aware of the conditions at issue. Nor does it allege that Lashbrook acted pursuant to an unconstitutional policy or custom. As these allegations are not present in the Complaint, the Court will not consider them at this time. A motion to reconsider is not the proper vehicle to introduce new allegations. *See In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996) (finding that while motions to reconsider are appropriate where there is a manifest error of law or fact, they are not the appropriate vehicle to raise new information). Plaintiff may be able to submit a complaint that contains an allegation that Lashbrook and/or Doe was personally involved in the unconstitutional conditions of confinement that were specifically applied to him and caused him harm. He may also be able to allege that he was harmed by an unconstitutional policy or custom. But in order to proceed, Plaintiff must file an amended complaint containing those types of factual allegations.

As a final note, Plaintiff requested injunctive relief in his Complaint requesting 1) a no-soy diet, 2) a transfer out of Menard for security reasons; 3) to have ladders installed or a low-bunk permit. (Doc. 1, p. 15). The Court did not construe any of these requests as related to the claims in this case. If Plaintiff intended to request injunctive relief as to his conditions of confinement claims, he should make that clear in any amended complaint he files and/or file a separate motion on that point.

### Disposition

**IT IS HEREBY ORDERED** that the Complaint is **DISMISSED without prejudice** for failure to state a claim. (Doc.1). Plaintiff's motion for reconsideration is also **DENIED**. (Doc. 5).

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file his first amended complaint, stating any facts which may exist to support the personal involvement of any defendant in his conditions of confinement claims and any related claims, within 30 days of the entry of this Order. An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the first amended complaint must stand on its own, without reference to any other pleading. Should the first amended complaint not conform to these requirements, it shall be stricken. Plaintiff must also re-file any exhibits he wishes the Court to consider along with the first amended complaint. Failure to file an amended complaint shall result in

the dismissal of this action with prejudice. Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g). Plaintiff is warned, however, that the Court takes the issue of perjury seriously, and that any facts found to be untrue in the amended complaint may be grounds for sanctions, including dismissal and possible criminal prosecution for perjury. *Rivera v. Drake*, 767 F.3d 685, 686 (7th Cir. 2014) (dismissing a lawsuit as a sanction where an inmate submitted a false affidavit and subsequently lied on the stand).

No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint.

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

**IT IS SO ORDERED.**

**DATED: July 7, 2017**

Digitally signed by Judge David R. Herndon
Date: 2017.07.07 12:13:24 -05'00'

**United States District Judge**