IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHRISTOPHER CROOM,

    Plaintiff,

vs.                                                Case No. 17–cv–612–DRH

JACQUELINE LASHBROOK, and
DIA RODELY

    Defendants.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Plaintiff Christopher Croom, an inmate at Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks declarative relief and monetary damages. This case is now before the Court for a preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

1

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### **The Amended Complaint**

Plaintiff originally filed suit on June 9, 2017. (Doc. 1). After Plaintiff filed this case, the Court determined that Plaintiff had attempted to proceed on unrelated claims in the same lawsuit. (Doc. 4). The Court dismissed some defendants and severed some claims into separate lawsuits. (Doc. 4). The Court then conducted a threshold review of this case and considered Plaintiff's Motion for Reconsideration. (Doc. 9). The Court found that Plaintiff had not adequately pleaded personal involvement of any defendant in his conditions of confinement claim and dismissed the Complaint accordingly. (Doc. 9). The Court noted, however, that Plaintiff's Motion for Reconsideration contained additional facts not available in the Complaint, and encouraged him to file an Amended Complaint

2

containing those facts. (Doc. 9). Plaintiff submitted an Amended Complaint on August 7, 2017; it was docketed on August 24, 2017. (Doc. 12).

The Amended Complaint alleges that Plaintiff's constitutional rights were violated when he was confined in a 36 square foot cell on February 13, 2017. (Doc. 12, p. 5). The mattress had a urine stain on it, and Plaintiff was deprived of cleaning supplies, hygiene products, and showers for 18 days. (Doc. 12, pp. 5-6). He did not receive clothes or his eye glasses for 10 days. (Doc. 12, p. 5). Plaintiff asked correctional officers for hygiene products, but they told him to "ask your homeboys" or "don't come to seg." *Id.* Plaintiff alleges that the cell was too small to exercise in because the majority of the space is taken up by the furniture. (Doc. 12, p. 6).

Plaintiff submitted 13 grievances to Dia Rodely on his conditions of confinement issues; only 2 were answered. *Id.* Plaintiff also alleges that Chief Administrative Officer Lashbrook conducts rounds in segregation and has seen the cell sizes with her own eyes. (Doc. 12, p. 7). Plaintiff also alleges that he has sent Lashbrook letters, and she failed to respond. (Doc. 12, p. 8). Plaintiff further alleges that Lashbrook knows that counselors at Menard throw away grievances and condones the practice. *Id.*

As a result of the cell size, Plaintiff has suffered a neck and back injury because he cannot do stretching exercises in the cell. (Doc. 12, p. 7). Plaintiff also suffers from depression. *Id.*

## Discussion

Based on the allegations of the Amended Complaint, the Court finds it convenient to divide the pro se action into 2 counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The following claim survives threshold review:

> **Count 1 –** Lashbrook and Rodely were deliberately indifferent to the unconstitutional conditions of confinement that Plaintiff was subjected to in violation of the Eighth Amendment when they refused to address his complaints regarding cell size, lack of cleaning supplies, lack of hygiene products, inadequate showers, and lack of exercise.

Plaintiff has also attempted to bring another Count, but for the reasons elucidated below, this claim does not survive threshold review.

> **Count 2 –** Rodely and Lashbrook improperly interfered with the grievance process when Rodely threw Plaintiff's grievances away and Lashbrook condoned the behavior.

In a case involving conditions of confinement in a prison, two elements are required to establish violations of the Eighth Amendment's cruel and unusual punishments clause. *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1993). First, an objective element requires a showing that the conditions deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992). Not all prison conditions trigger Eighth Amendment scrutiny—only deprivations of basic human needs like food,

medical care, sanitation, and physical safety. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). Conditions of confinement may be considered in combination with each other when each standing alone would not violate the Eighth Amendment. *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006) (citing *Wilson v. Seiter*, 501 U.S. 294, 304 (1991)).

Despite Plaintiff's assertion that the approximately 40-square-foot cells at Menard "have been deemed unconstitutional," this Court is unaware of any authority supporting this proposition. Cases have been clear that the inquiry is whether the conditions inflict the unnecessary and wanton infliction of pain grossly disproportionate to the severity of the crime. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). The *Rhodes* Court found that double-celling was not per-se unconstitutional. *Id.* at 347. However, Plaintiff has made it clear that he was subjected to double-celling in a small cell in combination with other conditions. Specifically, he has alleged that he was deprived of opportunities to exercise, as well as hygiene products, showers, and cleaning supplies. The lack of hygiene opportunities and exercise could act in concert with the small cell size to create an unconstitutional condition of confinement. The Court therefore finds that Plaintiff has adequately pleaded the objective element.

Plaintiff has also satisfied the subjective component, which requires that the prison official had a sufficiently culpable state of mind. *Wilson*, 501 U.S. at 298; *McNeil*, 16 F.3d at 124. An official must be deliberately indifferent to health or safety; he or she must be aware of facts from which the inference could be

5

drawn that a substantial risk of serious harm exists, and must actually draw the inference. *See, e.g., Farmer*, 511 U.S. at 837; *Wilson*, 501 U.S. at 303; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Del Raine v. Williford*, 32 F.3d 1024, 1032 (7th Cir. 1994). Plaintiff has alleged that Lashbrook was aware of the small cell size in the North cell house at Menard because she regularly toured the facility. He has also alleged that he wrote her letters complaining about the specific conditions he was subjected to and that she failed to respond. Likewise, he has alleged that his counselor, Rodely, was aware of the conditions because of grievances he sent her, and that she also took no action. The Seventh Circuit has been clear that failure to respond to grievances and letters adequately alleges the subjective element at the pleading stages. *Perez v. Fenoglio*, 792 F.3d 768, 781-82 (7th Cir. 2015). Therefore, **Count 1** shall proceed against Lashbrook and Rodely.

But **Count 2** must be dismissed. Although the refusal to respond to grievances may establish deliberate indifference, there is no stand-alone constitutional claim based on the failure of the grievance process. Prison grievance procedures are not constitutionally mandated and thus do not implicate the Due Process Clause per se. As such, the alleged mishandling of grievances states no claim. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). Accordingly, **Count 2** will be dismissed with prejudice for failure to state a claim.

**Disposition**

**IT IS HEREBY ORDERED** that **Count 1** survives threshold review against Lashbrook and Rodely. **Count 2** is **DISMISSED with prejudice** for failure to state a claim upon which relief can be granted.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants Lashbrook and Rodely: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.Further, this entire matter is **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his

address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

Digitally signed by
Judge David R. Herndon
Date: 2017.11.06
11:25:20 -06'00'

**United States District Judge**