IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHRISTOPHER CROOM,

Plaintiff,

v.

JACQUELINE LASHBROOK,
and JOHN BALDWIN,

Defendants.                                            No. 17-cv-0612-DRH

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

Pending before the Court is an October 22, 2018 Report and Recommendation ("the Report") issued by Magistrate Judge Stephen C. Williams (Doc. 75). Magistrate Judge Williams recommends that the Court grant defendants' motion for summary judgment on the basis that plaintiff failed to exhaust his administrative remedies as to both plaintiff's class and individual claims against Lashbrook and Baldwin and deny as moot the motion to dismiss. The parties were allowed time to file objections to the Report.[1] As of this date, no objections have been filed to the Report. Based on the applicable law, the record and the following, the Court **ADOPTS** the Report in its entirety.

---

1 Originally, objections to the Report were due on or before November 5, 2018 (Doc. 75). On October 31, 2018, the Court allowed Croom's attorney Christian G. Montroy to withdraw from the case and extended the time for Croom to file objections up to and including December 5, 2018 (Doc. 79).

On June 9, 2017, plaintiff Christopher Croom brought this *pro se* action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 at the Menard Correctional Center (Doc. 1). On June 14, 2017, the Court screened Croom's amended complaint and severed the case into 4 separate cases leaving the claims contained in Count 1 as the only claim in this cause of action (Doc. 4). Thereafter on July 7, 2017, the Court dismissed without prejudice Croom's Count 1 for failure to state a clam and allowed Croom 30 days to file an amended complaint (Doc. 9). On August 24, 2017, Croom filed the amended complaint (Doc. 12). The Amended Complaint alleges that Plaintiff's constitutional rights were violated when he was confined in a 36 square foot cell on February 13, 2017. (Doc. 12, p. 5). The mattress had a urine stain on it, and Plaintiff was deprived of cleaning supplies, hygiene products, and showers for 18 days. (Doc. 12, pp. 5-6). He did not receive clothes or his eye glasses for 10 days. (Doc. 12, p. 5). Plaintiff asked correctional officers for hygiene products, but they told him to "ask your homeboys" or "don't come to seg." *Id*. Plaintiff alleges that the cell was too small to exercise in because the majority of the space is taken up by the furniture. (Doc. 2, p. 6). Subsequently on November 6, 2017, the Court screened Croom's amended complaint and found the following claim survived review:

> Count 1 – Lashbrook and Rodely were deliberately indifferent to the unconstitutional conditions of confinement that Plaintiff was subjected to in violation of the Eighth Amendment when they refused to address his complaints regarding cell size, lack of cleaning supplies, lack of hygiene products, inadequate showers, and lack of exercise.

(Doc. 13, p. 4). On March 2, 2018, Croom, by and through retained counsel Christian Montroy, filed a second amended class action complaint against Jacqueline Lashbrook and John R. Baldwin for unconstitutional conditions of confinement at Menard Correctional Center's North I and II buildings (Doc. 28). Specifically, Count 1 is a class action claim for injunctive relief, medical monitoring and punitive damages and Count 2 is an individual claim for unconstitutional conditions of confinement that he was allegedly subjected to while housed in the segregation unit in North 1.

On May 17, 2018, defendants filed a motion for summary judgment as to the issue of exhaustion of administrative remedies (Docs. 42). On July 19, 2018, Croom filed his opposition (Doc. 55). On September 27, 2018 and October 9, 2018, Magistrate Judge Williams held *Pavey*[2] hearings on the motion for summary judgment and to assess the credibility of the conflicting accounts about Croom's use of the grievance process (Docs. 68 & 73). On October 22, 2018, Magistrate Judge Williams issued a Report recommending that the Court grant the motion for summary judgment for failure to exhaust administrative remedies and dismiss without prejudice plaintiff's claims (Doc. 75). As of this date, Croom, even with the extension of time, has not filed objections to the Report. The period in which to file objections has expired. Therefore, pursuant to 28 U.S.C. § 636(b), this

---

2 *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008)(indicating that a judge, not a jury should resolve initial disputes about exhaustion in prisoner cases, and setting forth the procedures to be followed in doing so).

Court need not conduct *de novo* review. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985).

Based on the reasons outlined in the Report, the Court **ADOPTS** the Report in its entirety (Doc. 75), **GRANTS** defendants' motion for summary judgment on the issue of exhaustion of administrative remedies (Doc. 42) and **DENIES as moot** defendants' motion to dismiss (Doc. 36). The Court **DISMISSES** without prejudice Croom's claims against defendants for failure to exhaust administrative remedies. Further, the Court **DIRECTS** the Clerk of the Court to enter judgment reflecting the same.

**IT IS SO ORDERED.**

Judge Herndon
2018.12.10
12:31:27 -06'00'

**United States District Judge**